# UNITED STATES COURT OF APPEALS
## for the Fifth Circuit

_____

No. 95-10244
Summary Calendar

_____

MELVIN JOSHUA DELANEY

Plaintiff-Appellant,

VERSUS

SHAWN KELM, Lt

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Texas
(3:94 CV 1230 AH)

_____

July 31, 1995

Before DUHÉ, WIENER and STEWART, Circuit Judges.

PER CURIAM:[1]

Appellant Delaney, a Texas state prisoner, sued Deputy Sheriff Kelm under § 1983 alleging use of excessive force. The parties agreed to trial by a magistrate judge who granted summary judgment for Defendant. We affirm.

In the order of reference the district court recited that any appeal from the judgment rendered by the magistrate judge would lie in the district court. This was error. It is the agreement of the

---

[1] [1] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

parties which governs. <u>Oliver v. Collins</u>, 904 F.2d 278, 280 (5th Cir. 1990), 28 U.S.C. § 636(c). The parties did not agree to appeal to the district court so the general rule applies and appeal to this court is correct.

Appellant contends that it was error for the court to grant summary judgment because he did not have an opportunity to respond to it. Seven months after the suit was filed, Defendant moved for summary judgment. About three weeks later the judge ruled and granted the motion. The following day Appellant asked for more time to respond which request was denied as untimely. Appellant was entitled to ten days to respond to the motion under Rule 56(c). He was afforded more than that. We find no abuse of discretion.

The record amply supports the summary judgment. Defendant submitted affidavits fully documenting the use of force incident which make it clear that the force was not excessive and was necessary. Appellant submitted nothing in opposition. He claims in this Court, by way of a motion to supplement the record, that he was precluded from submitting information from the infirmary records because the rules of the Northern District prohibit the filing into the record of the results of discovery. We deny his motion, however, because the rules, while they do not permit the routine filing of discovery matter, specifically provide for the filing into the record of matter discovered which is relied upon in opposition to a motion for summary judgment. We note in passing that the material, even if considered, goes to the severity of the alleged injury and not to the reasonableness or necessity of the

2

force.  This record makes clear that the force was applied in a good faith effort to restore discipline and not maliciously or sadistically to cause harm.  <u>Hudson v. McMillian</u>, 503 U.S. 1, 6-7 (1992).

AFFIRMED.